UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LORENZO GUERRERO,
aka "Carlos Guerrero,"
aka " Vago,"

Defendant.

Case No. 25CR1130-CAB

PRELIMINARY ORDER OF CRIMINAL FORFEITURE

WHEREAS, on or about September 11, 2025, Defendant LORENZO GUERRERO, aka "Carlos Guerrero," aka " Vago," ("Defendant"), pled guilty before District Judge Cathy Ann Bencivengo to the offense set forth in Count 2 of the Superseding Indictment, charging the defendant with Transportation of a Minor for Criminal Sexual Activity in violation of Title 18, United States Code, Section 2423(a), agreed to the immediate entry of an order of forfeiture in this matter, and agreed to forfeit all properties seized in connection with this case pursuant to 18 U.S.C. § 1594(d) and 28 U.S.C. § 2461 (c), which includes but is not limited to:

a. One black Motorola TracFone, model XT2005DL;
b. One red Apple iPhone;
c. One white Apple iPhone, model A1349; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the Court finds that the United States has established the requisite nexus between the forfeited cellphones and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above- referenced cellphones, pursuant to 18 U.S.C. § 1594(d), 28 U.S.C. § 2461, and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, on September 11, 2025, this Court accepted the guilty plea of Defendant; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced cellphones which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant to Count 1 of the Superseding Indictment, the United States is hereby authorized to take custody and control of the following cellphones, and all right, title and interest of Defendant, LORENZO GUERRERO, aka "Carlos Guerrero," aka " Vago,", in the cellphones are hereby forfeited to the United States pursuant to 18 U.S.C. § 1594(d) and 28 U.S.C. § 2461 for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. The aforementioned forfeited cellphones are to be held by the Federal Bureau of Investigation in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without

the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the cellphones in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited cellphones must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the cellphones, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited cellphones and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the cellphones that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

//

//

//

//

//

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 11/19/2026

Honorable Cathy Ann Bencivengo
United States District Judge